IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARIO A. JIMINEZ, #244571,      )
                                )
          Plaintiff,            )
                                )
v.                              )          CASE NO. 2:15-CV-594-MHT
                                )                    (WO)
                                )
CORIZON, LLC., et al.,          )
                                )
          Defendants.           )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by
Mario A. Jiminez ("Jiminez"), an indigent state inmate, in which he challenges the dental
treatment provided to him for a decayed tooth.  Jiminez also alleges that defendants Rogers,
Ross and Riley retaliated against him for complaining to his mother and, in so doing,
conspired to violate his constitutional rights.

Pursuant to the orders of this court, the defendants filed written reports supported by
relevant evidentiary materials, including affidavits and medical/dental records, in which they
address the claims for relief presented by Jiminez.  The reports and evidentiary materials
refute the self-serving, conclusory allegations presented by Jiminez.  The defendants assert
and the documented evidence indicates that the defendants did not act with deliberate
indifference to Jiminez's dental condition nor did they take any retaliatory action against him
as the result of a conspiracy.

In light of the foregoing, the court issued an order directing Jiminez to file a response to the defendants' written reports. *Order of November 3, 2015 - Doc. No. 26*. The order advised Jiminez that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Jiminez for filing a response in compliance with the directives of this order expired on January 12, 2016. *See Order of November 30, 2015 - Doc. No. 29*. As of the present date, Jiminez has failed to file a requisite response in opposition to the defendants' written reports. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Jiminez is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Jiminez's inaction in the face of the defendants' reports and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants, including but not limited to the medical and dental records, indicate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure Jiminez's compliance would be unavailing.

Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for his failure to comply with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before February 12, 2016 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City*

*of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 27th day of January, 2016.

_____/s/Terry F. Moorer_____
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE